UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY f/k/a THE AETNA CASUALTY AND SURETY COMPANY, | : : : | CIVIL ACTION NO.: 3:15-CV-275 |
| Plaintiff, | : : : | |
| vs. | : : | |
| ACE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, ARROWOOD INDEMNITY COMPANY, CONTINENTAL CASUALTY COMPANY, INSURANCE COMPANY OF NORTH AMERICA, and ONEBEACON AMERICA INSURANCE COMPANY, | : : : : : : : : | FEBRUARY 25, 2015 |
| Defendants. | : | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This is an action for breach of contract between the Plaintiff, Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company ("Travelers") and six of its reinsurers ("Defendants" or "Reinsurers").

2. Travelers issued an insurance policy to United Nuclear Corporation ("United Nuclear"), a company engaged in mining and other businesses. Third parties asserted claims against United Nuclear, alleging environmental loss or damage arising out of its mining and waste disposal practices. United Nuclear in turn made a claim for insurance coverage under its policy with Travelers, and Travelers settled that coverage claim.

3. Travelers reinsured the policy with the Defendants, six reinsurers who participated in a reinsurance pool managed by the Carpenter Management Corporation (the

-2-

"CMC Pool"). Accordingly, after Travelers made its payment to United Nuclear, it submitted corresponding reinsurance billings to the Defendants.

4. The Defendants have failed and refused to pay Travelers' valid reinsurance billings, thus breaching their reinsurance contracts. In this action, Travelers seeks to recover the $1,650,134.16 that the Defendants have wrongfully failed and refused to pay, along with interest and the taxable costs of this action as more fully described in the prayer for relief.

## II.   THE PARTIES, JURISDICTION AND VENUE

5. The Plaintiff, Travelers, is a Connecticut corporation. Travelers' principal place of business is in Connecticut. Travelers was formerly known as The Aetna Casualty and Surety Company. Throughout this Complaint, the term "Travelers" shall refer to Travelers, Aetna Casualty and Surety, or both, as context requires.

6. The Defendant, ACE Property & Casualty Insurance Company ("ACE"), is a Pennsylvania corporation. ACE's principal place of business is in Pennsylvania. ACE is the successor to and/or was formerly known as Aetna Insurance Company. Through its participation in the CMC Pool, ACE was a participating reinsurer in the reinsurance contracts referenced in Paragraphs 21 and 22 below. The reinsurance contracts were made and/or were to be performed in the State of Connecticut. ACE holds a license from the Connecticut Department of Insurance to conduct insurance business in the State of Connecticut. ACE repeatedly and systematically conducts business in Connecticut. This Court has personal jurisdiction over ACE.

7. The Defendant, Allstate Insurance Company ("Allstate"), is an Illinois corporation. Allstate's principal place of business is in Illinois. Through its participation in the CMC Pool, Allstate was a participating reinsurer in the reinsurance contracts referenced in Paragraphs 21 and 22 below. The reinsurance contracts were made and/or were to be performed

in the State of Connecticut.  Allstate holds a license from the Connecticut Department of Insurance to conduct insurance business in the State of Connecticut.  Allstate repeatedly and systematically conducts business in Connecticut.  This Court has personal jurisdiction over Allstate.

8. The Defendant, Arrowood Indemnity Company ("Arrowood"), is a Delaware corporation.  Arrowood's principal place of business is in North Carolina.  Arrowood is the successor to and/or was formerly known as Royal Insurance Company of America.  Through its participation in the CMC Pool, Arrowood was a participating reinsurer in the reinsurance contracts referenced in Paragraphs 21 and 22 below.  The reinsurance contracts were made and/or were to be performed in the State of Connecticut.  Arrowood holds a license from the Connecticut Department of Insurance to conduct insurance business in the State of Connecticut.  Arrowood repeatedly and systematically conducts business in Connecticut.  This Court has personal jurisdiction over Arrowood.

9. The Defendant, Continental Casualty Company ("Continental"), is an Illinois corporation.  Continental's principal place of business is in Illinois.  Through its participation in the CMC Pool, Continental was a participating reinsurer in the reinsurance contracts referenced in Paragraphs 21 and 22 below.  The reinsurance contracts were made and/or were to be performed in the State of Connecticut.  Continental holds a license from the Connecticut Department of Insurance to conduct insurance business in the State of Connecticut.  Continental repeatedly and systematically conducts business in Connecticut.  This Court has personal jurisdiction over Continental.

10. The Defendant, Insurance Company of North America ("INA"), is a Pennsylvania corporation.  INA's principal place of business is in Pennsylvania.  Through its participation in

the CMC Pool, INA was a participating reinsurer in the reinsurance contracts referenced in Paragraphs 21 and 22 below. The reinsurance contracts were made and/or were to be performed in the State of Connecticut. INA holds a license from the Connecticut Department of Insurance to conduct insurance business in the State of Connecticut. INA repeatedly and systematically conducts business in Connecticut. This Court has personal jurisdiction over INA.

11. The Defendant, OneBeacon America Insurance Company ("OneBeacon"), is a Massachusetts corporation. OneBeacon's principal place of business is in Massachusetts. OneBeacon is the successor to and/or was formerly known as Employers Commercial Union Insurance Company. Through its participation in the CMC Pool, OneBeacon was a participating reinsurer in the reinsurance contracts referenced in Paragraphs 21 and 22 below. The reinsurance contracts were made and/or were to be performed in the State of Connecticut. OneBeacon holds a license from the Connecticut Department of Insurance to conduct insurance business in the State of Connecticut. OneBeacon repeatedly and systematically conducts business in Connecticut. This Court has personal jurisdiction over OneBeacon.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The action is between citizens of different states, and the amount in controversy between the Plaintiff and each Defendant exceeds $75,000.00 excluding interest and costs.

13. This District is a proper venue for this action. Each of the Defendants is a corporation that is subject to personal jurisdiction in this District, and therefore pursuant to 28 U.S.C. § 1391(c)(2) each Defendant resides in this District for purposes of venue.

## III.  TRAVELERS' INSURANCE OF UNITED NUCLEAR

14.  Travelers issued an excess indemnity (umbrella) policy to United Nuclear that bore policy number 01 XS 1589 WCA (the "United Nuclear Policy").

15.  A number of entities made claims against United Nuclear, alleging environmental loss or damage arising out of its mining and waste disposal practices.

16.  United Nuclear sought coverage from Travelers under the United Nuclear Policy for the claims referenced in Paragraph 15.

17.  Travelers resolved United Nuclear's coverage claims by way of a Confidential Settlement Agreement and Release.

18.  After entering into the Confidential Settlement and Release, Travelers paid a sum of money to United Nuclear under the United Nuclear Policy.

19.  Travelers sustained litigation and other expenses in the course of handling the claims referenced in Paragraphs 16 and 17.

## IV.  THE DEFENDANTS' REINSURANCE OF TRAVELERS

20.  Travelers reinsured the United Nuclear Policy under two reinsurance contracts. The reinsurance contracts were of a type known in the reinsurance industry as "facultative certificates." Facultative certificates reinsure a single policy or risk, in contrast to "treaty" reinsurance contracts, which reinsure an entire book of business or group of policies.

21.  Through the CMC Pool, Travelers purchased a facultative certificate that bore certificate number 7 00 11 06 (the "First Layer Certificate"). Each of the Defendants, or their predecessors, was a participating reinsurer in the First Layer Certificate.

22. Through the CMC Pool, Travelers purchased a facultative certificate that bore certificate number 7 00 11 09 (the "Second Layer Certificate"). Each of the Defendants, or their predecessors, was a participating reinsurer in the Second Layer Certificate.

23. The Second Layer Certificate provides that "[a]ll claims covered by this reinsurance when settled by [Travelers] shall be binding on the Reinsurers, who shall be bound to pay their proportion of such settlements."

24. Upon information and belief, the First Layer Certificate contains a provision identical to the one quoted in Paragraph 23.

25. In November 2013 and December 2014, Travelers submitted reinsurance billings to the Defendants through their current claims administrator, Excess Treaty Management Corporation ("ETMC"). The reinsurance billings were submitted under both the First Layer Certificate and the Second Layer Certificate. In the billings, Travelers requested that the Defendants pay their share of the United Nuclear settlement sum referenced in Paragraph 18, and of the litigation and other expenses referenced in Paragraph 19.

26. Through their claims administrator, ETMC, each of the Defendants has failed and refused to pay Travelers' valid reinsurance billings.

**COUNT ONE – Breach of the First Layer Certificate Against ACE**

27. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

28. The First Layer Certificate is a valid and binding contract between Travelers and ACE.

29. Travelers performed all of its conditions precedent to coverage under the First Layer Certificate, including but not limited to the payment of premium.

30. Through ETMC, Travelers submitted valid reinsurance billings to ACE under the First Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

31. Through ETMC, ACE wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

32. ACE's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the First Layer Certificate.

33. Travelers has been damaged by ACE's breach of the First Layer Certificate, in an amount not less than $157,907.58.

**COUNT TWO – Breach of the Second Layer Certificate Against ACE**

34. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

35. The Second Layer Certificate is a valid and binding contract between Travelers and ACE.

36. Travelers performed all of its conditions precedent to coverage under the Second Layer Certificate, including but not limited to the payment of premium.

37. Through ETMC, Travelers submitted valid reinsurance billings to ACE under the Second Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

38. Through ETMC, ACE wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

39. ACE's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the Second Layer Certificate.

40. Travelers has been damaged by ACE's breach of the Second Layer Certificate, in an amount not less than $117,114.78.

**COUNT THREE – Breach of the First Layer Certificate Against Allstate**

41. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

42. The First Layer Certificate is a valid and binding contract between Travelers and Allstate.

43. Travelers performed all of its conditions precedent to coverage under the First Layer Certificate, including but not limited to the payment of premium.

44. Through ETMC, Travelers submitted valid reinsurance billings to Allstate under the First Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

45. Through ETMC, Allstate wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

46. Allstate's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the First Layer Certificate.

47. Travelers has been damaged by Allstate's breach of the First Layer Certificate, in an amount not less than $157,907.58.

**COUNT FOUR – Breach of the Second Layer Certificate Against Allstate**

48. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

49. The Second Layer Certificate is a valid and binding contract between Travelers and Allstate.

50. Travelers performed all of its conditions precedent to coverage under the Second Layer Certificate, including but not limited to the payment of premium.

51. Through ETMC, Travelers submitted valid reinsurance billings to Allstate under the Second Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

52. Through ETMC, Allstate wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

53. Allstate's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the Second Layer Certificate.

54. Travelers has been damaged by Allstate's breach of the Second Layer Certificate, in an amount not less than $117,114.78.

**COUNT FIVE – Breach of the First Layer Certificate Against Arrowood**

55. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

56. The First Layer Certificate is a valid and binding contract between Travelers and Arrowood.

57. Travelers performed all of its conditions precedent to coverage under the First Layer Certificate, including but not limited to the payment of premium.

58. Through ETMC, Travelers submitted valid reinsurance billings to Arrowood under the First Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

59. Through ETMC, Arrowood wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

60. Arrowood's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the First Layer Certificate.

61. Travelers has been damaged by Arrowood's breach of the First Layer Certificate, in an amount not less than $78,953.79.

**COUNT SIX – Breach of the Second Layer Certificate Against Arrowood**

62. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

63. The Second Layer Certificate is a valid and binding contract between Travelers and Arrowood.

64. Travelers performed all of its conditions precedent to coverage under the Second Layer Certificate, including but not limited to the payment of premium.

65. Through ETMC, Travelers submitted valid reinsurance billings to Arrowood under the Second Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

66. Through ETMC, Arrowood wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

67. Arrowood's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the Second Layer Certificate.

68. Travelers has been damaged by Arrowood's breach of the Second Layer Certificate, in an amount not less than $58,557.39.

**COUNT SEVEN – Breach of the First Layer Certificate Against Continental**

69. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

70. The First Layer Certificate is a valid and binding contract between Travelers and Continental.

71. Travelers performed all of its conditions precedent to coverage under the First Layer Certificate, including but not limited to the payment of premium.

72. Through ETMC, Travelers submitted valid reinsurance billings to Continental under the First Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

73. Through ETMC, Continental wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

74. Continental's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the First Layer Certificate.

75. Travelers has been damaged by Continental's breach of the First Layer Certificate, in an amount not less than $157,907.58.

**COUNT EIGHT – Breach of the Second Layer Certificate Against Continental**

76. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

77. The Second Layer Certificate is a valid and binding contract between Travelers and Continental.

78. Travelers performed all of its conditions precedent to coverage under the Second Layer Certificate, including but not limited to the payment of premium.

79. Through ETMC, Travelers submitted valid reinsurance billings to Continental under the Second Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

80. Through ETMC, Continental wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

81. Continental's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the Second Layer Certificate.

82. Travelers has been damaged by Continental's breach of the Second Layer Certificate, in an amount not less than $117,114.78.

**COUNT NINE – Breach of the First Layer Certificate Against INA**

83. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

84. The First Layer Certificate is a valid and binding contract between Travelers and INA.

85. Travelers performed all of its conditions precedent to coverage under the First Layer Certificate, including but not limited to the payment of premium.

86. Through ETMC, Travelers submitted valid reinsurance billings to INA under the First Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

87. Through ETMC, INA wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

88. INA's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the First Layer Certificate.

89. Travelers has been damaged by INA's breach of the First Layer Certificate, in an amount not less than $236,861.37.

**COUNT TEN – Breach of the Second Layer Certificate Against INA**

90. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

91. The Second Layer Certificate is a valid and binding contract between Travelers and INA.

92. Travelers performed all of its conditions precedent to coverage under the Second Layer Certificate, including but not limited to the payment of premium.

93. Through ETMC, Travelers submitted valid reinsurance billings to INA under the Second Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

94. Through ETMC, INA wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

95. INA's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the Second Layer Certificate.

96. Travelers has been damaged by INA's breach of the Second Layer Certificate, in an amount not less than $175,672.17.

**COUNT ELEVEN – Breach of the First Layer Certificate Against OneBeacon**

97. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

98. The First Layer Certificate is a valid and binding contract between Travelers and OneBeacon.

99. Travelers performed all of its conditions precedent to coverage under the First Layer Certificate, including but not limited to the payment of premium.

100. Through ETMC, Travelers submitted valid reinsurance billings to OneBeacon under the First Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

101. Through ETMC, OneBeacon wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

102. OneBeacon's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the First Layer Certificate.

103. Travelers has been damaged by OneBeacon's breach of the First Layer Certificate, in an amount not less than $157,907.58.

**COUNT TWELVE – Breach of the Second Layer Certificate Against OneBeacon**

104. Travelers repeats and realleges all of the allegations of Paragraphs 1 through 26 as if fully set forth herein.

105. The Second Layer Certificate is a valid and binding contract between Travelers and OneBeacon.

106. Travelers performed all of its conditions precedent to coverage under the Second Layer Certificate, including but not limited to the payment of premium.

107. Through ETMC, Travelers submitted valid reinsurance billings to OneBeacon under the Second Layer Certificate, arising out of its settlement with United Nuclear and the associated expenses referenced in Paragraph 19.

108. Through ETMC, OneBeacon wrongfully refused to pay the reinsurance billings referenced in the foregoing paragraph.

109. OneBeacon's wrongful refusal to pay Travelers' valid reinsurance billings constitutes a breach of the Second Layer Certificate.

110. Travelers has been damaged by OneBeacon's breach of the Second Layer Certificate, in an amount not less than $117,114.78.

## V. PRAYER FOR RELIEF

Wherefore, the plaintiff, Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company, respectfully prays for:

a. An award of money damages;

b. An award of pre-judgment interest;

c. An award of post-judgment interest;

d. The taxable costs of this action; and

e. Such other relief as the Court may see fit to award.

> TRAVELERS CASUALTY AND SURETY
> COMPANY f/k/a THE AETNA CASUALTY
> AND SURETY COMPANY, Plaintiff,
>
>
> By:   */s/ Thomas O. Farrish*
>   Thomas O. Farrish (ct26917)
>   *tofarrish@daypitney.com*
>   Benjamin H. Nissim (ct29501)
>   *bnissim@daypitney.com*
>   Day Pitney LLP
>   242 Trumbull St.
>   Hartford, Connecticut 06103-3499
>   (860) 275-0100
>   (860) 275-0343 (fax)
>   Its Attorneys